IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SUNNY LEE-FANNING, | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| | ) **Case No. :** CIV-17-878-F |
| **-v-** | ) |
| | ) |
| | ) |
| ELAINE L. CHAO, SECRETARY OF | ) |
| TRANSPORTATION, FAA | ) |
| | ) |
| **Defendant.** | ) |

## COMPLAINT

**COMES NOW,** the Plaintiff, Sunny Lee- Fanning, and for her causes of action against the Defendant, alleges and states as follows:

### I.    PRELIMINARY STATEMENT

1.    This action arises under the provisions of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000 *et seq.*;  the Civil Rights Acts of 1866 and 1991, as amended, 42 U.S.C. § 1981;  and 5 U.S.C. §2302 (b). Plaintiff seeks declaratory, injunctive and equitable relief to redress the deprivation of her rights of freedom from discriminatory employment practices on the basis of race and marital status, and unlawful failure to promote based on race, by the Defendant, Secretary of Transportation, Elaine L. Chao (hereinafter "Defendant").

### II.    JURISDICTION AND VENUE

2.    Jurisdiction of this Court is invoked pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000(e)-5(f)(3), 42 U.S.C. §2000e-2(l), 42

U.S.C. §1981, and  state claims pursuant to 28 U.S.C. §1367.

3.    The unlawful employment practices and discrimination alleged were committed within Oklahoma County, State of Oklahoma, and accordingly venue is proper pursuant to 28 U.S.C § 1391(b)(2).

4.    Plaintiff, Sunny Lee-Fanning, an African American citizen of the United States, was a resident of the City of Oklahoma City, Oklahoma County, within the jurisdiction of the Western District of Oklahoma, at the time of the alleged events.  As an employee, all acts and conduct complained of occurred at the Federal Aviation Administration (FAA), within Oklahoma County, and all unlawful employment practices were committed by Defendant through its officers, employees, servants or agents.

5.    The Federal Aviation Administration is part of the United States Department of Transportation and is a federal agency. Defendant Elaine Chao, is the Secretary for the Department of Transportation.

6.    Service can be accomplished on the United States Attorney General, Jeff Sessions, at the U.S. Department of Justice, 10th Street and Constitution Avenue, NW, Washington, DC 20530.

## III.    PROCEDURE

7.    Plaintiff brought action for race discrimination, failure to promote based on discrimination, and reprisal as it related to the issue of marital status, with the U.S. Equal Employment Opportunity Commission, Oklahoma City Area

Office. On March 27, 2017, Administrative Judge Michelle Robertson entered an *Order Entering Judgment* in favor of the Agency, Department of Transportation, FAA, without a hearing. On or about May 17, 2017, Plaintiff received notice that she could file a civil suit in the U.S. District Court within ninety (90) days of receipt of said notice.

8.      This lawsuit is timely filed within (90) days of Plaintiff's receipt of said notice, thus Plaintiff has exhausted her administrative remedies under federal and state law.

## IV.    FACTS RELEVANT TO ALL CLAIMS

9.      Plaintiff, Sunny Lee-Fanning, is an African American ("Black") female, who was a Superintendent, ES-2, at the Mike Monroney Aeronautical Center, Federal Aviation Administration  (referred to as "FAA" or "Agency").  At the time periods relevant to her claims, she had been employed with the Agency for over 29 years with experience in the areas of technical and management training, international training, financial management, logistics and inventory management, and project management.

10.      Oftentimes, Plaintiff was delegated to serve as Acting Deputy Director, and served for a six (6) month period in that capacity.  However, when Plaintiff applied for the promotion to Deputy Director (AMC-2), she was denied.

11.      The    selecting    official,    Michelle    Coppedge    (hereinafter "Coppedge"), a Caucasian female, exhibited discriminatory conduct, including race  and  Plaintiff's  complaints  about  Coppedge's  discrimination  towards  an

employee, Henry Mogilka's, marital status, in unlawfully denying Plaintiff the promotion.

12.     For example, prior to the selection, Plaintiff advised Coppedge that she was applying for the Deputy Director position;  Coppedge stated in a sarcastic manner, "you and 99 others," and snarled at Plaintiff.

13.      As the selecting official, Coppedge maintained a personal relationship with three (3) of the interview panel members as they engaged in leisure trips together on various occasions. Moreover, Coppedge was directly involved in the rating process, and made the decision *not* to include Plaintiff in the final round of interviews by altering the interview questions, causing an unlawful adjustment in the final scores.

14.     Although Plaintiff was more qualified, Coppedge selected Robyn Burk, a Caucasian female, for the Deputy Director position.  Burk assumed the position of Deputy Director on June 27, 2014, however less than a year later she was "reassigned" from the position.

15.      As conceded by Coppedge, during the EEO investigation, Coppedge intentionally and immediately disposed of her hand written notes taken during the interview feedback session; said documents contained pertinent information as to Plaintiff's claims, however the same have been destroyed.

16.     Plaintiff brings the following causes of action:

**[FIRST CAUSE OF ACTION]**
**DISCRIMINATION IN**
**VIOLATION OF TITLE VII and 42 U.S.C. §1981**
[Race Discrimination/Failure to Promote]

Plaintiff hereby adopts the allegations contained in numerical paragraphs one (1) through sixteen (16) as if fully restated herein, and further alleges and states:

17.    Plaintiff, Sunny Lee-Fanning, is an African American ("Black") female, who was a Superintendent, ES-2, at the Mike Monroney Aeronautical Center, Federal Aviation Administration (referred to as "FAA" or "Agency"). At the time periods relevant to her claims, she had been employed with the Agency for over 29 years with experience in the areas of technical and management training, international training, financial management, logistics and inventory management, and project management.

18.    Although Plaintiff was more qualified, Robyn Burk, a Caucasian female, was selected for the Deputy Director position. Burk assumed the position of Deputy Director on June 27, 2014, however less than a year later she was "reassigned" from the position.

19.    Defendant, through its officers, employees, servants and agents engaged in unlawful employment practices in violation of 42 U.S.C. §2000e *et seq.* and 42 U.S.C. 1981. The discriminatory practices included, but were not limited to, failing to promote Plaintiff to the position of Deputy Director, a position for which she was fully qualified and which Plaintiff applied for such

promotion.

20.     As the selecting official, Coppedge maintained a personal relationship with three (3) of the interview panel members as they engaged in leisure trips together on various occasions. Moreover, Coppedge was directly involved in the rating process, and made the decision *not* to include Plaintiff in the final round of interviews by altering the interview questions, causing an unlawful adjustment in the final scores.

21.     Defendant failed and refused to promote Plaintiff based upon her race and the same constitutes unlawful employment conduct.

22.     As a direct result of Defendant's racial discrimination, Plaintiff was not promoted and suffered economic damages based upon such denied opportunity for employment advancement.

23.     Plaintiff's race as an African-American female was a significant factor in Defendant's conduct and adverse employment decisions against and related to Plaintiff, and the same was in violation of Title VII of the 1964 Civil Rights Act, as amended, 42 U.S.C. § 2000e *et seq*. and 42 U.S. C. § 1981.

24.     Defendant's conduct in denying Plaintiff her promotional opportunities based on racial discrimination was intentional and intended to further the pretexual basis of denial of her promotion. Defendant's unlawful actions were intentional, willful, and done in reckless disregard for Plaintiff's rights as protected by Title VII and 1981.

25.     Plaintiff has suffered injury and damages as a result of Defendant's

unlawful conduct and adverse employment actions.

26.    Due to Defendant's unlawful acts and conduct, Plaintiff has suffered harm and entitled to damages.  Accordingly, Plaintiff is entitled to all remedies to which a prevailing plaintiff is entitled for an employer's violations of Section 1981, including without limitation, back pay, compensatory damages, punitive damages, costs and a reasonable attorney's fee against Defendant for such unlawful conduct.

27.    Plaintiff is also entitled to all remedies and relief provided for a willful violation of Title VII, including without limitation, back pay, compensatory damages, punitive damages, costs and a reasonable attorney's fee against Defendant for such unlawful conduct.

**[SECOND CAUSE OF ACTION]**
**DISCRIMINATION IN**
**VIOLATION OF 5 USC § 2302(b)**
[Discrimination/Marital Status]

Plaintiff hereby adopts the allegations contained in numerical paragraphs one (1) through twenty seven (27) as if fully restated herein, and further alleges and states:

28.    During all periods relevant to these claims, Plaintiff was a federal employee for the department of Transportation at the Federal Aviation Administration (FAA).

29.    Defendant's agent, Michelle Coppedge, had authority to take, direct others to take, recommend, or approve Plaintiff's promotion.

30.     In making said recommendation to deny Plaintiff's promotion, Defendant discriminated against Plaintiff because she reported information to Human Resources regarding Coppedge's discriminatory acts, failure to promote, against another employee, Henry Mogilka, based on his marital status.

31.     These acts by Defendant and/or its agents were unlawful and in violation of 5 U.S.C. 2302 (b).

## [THIRD CAUSE OF ACTION]
### [Intentional Infliction of Emotional Distress]

Plaintiff hereby adopts the allegations contained in numerical paragraphs one (1) through thirty one (31) as if fully restated herein, and further alleges and states:

32.     Plaintiff brings state law claims of Intentional Infliction of Emotional Distress as against Defendant.

33.     Defendant owed a duty to Plaintiff to not conduct itself in its employment practices in such a manner that would cause Plaintiff to suffer injuries that were foreseeable.

34.     Defendant knew or should have known that subjecting Plaintiff to discriminatory conduct, resulting in her lack of an otherwise well-deserved promotion, would cause Plaintiff to incur emotional distress, and the same was a foreseeable consequence of the unlawful conduct.

35.     Defendant failed to perform and otherwise breached it duty owed to Plaintiff.

36.     Plaintiff's injuries were a direct and proximate cause of Defendant's failure to perform such duty to Plaintiff.  Plaintiff suffered loss of sleep, bouts of tearfulness, depression, weight gain, and hypertension.

37.     As a direct and proximate result of Defendant's actions and conduct, Plaintiff has suffered and will continue to suffer mental pain, mental anguish and suffering and emotional distress.

38.     As a direct result of Defendant's wrongful acts and conduct, Plaintiff sustained damages and injuries.

39.     Defendant's conduct as described herein was intentional and oppressive, and done with a conscious disregard of Plaintiff's rights, which entitled Plaintiff to punitive damages.

WHEREFORE, Plaintiff, Sunny Lee-Fanning, prays for judgment against Defendant, on her causes of action; that she be awarded all available compensatory damages, including, but not limited to, lost wages and benefits, damages for emotional distress and loss of enjoyment in life for an amount in excess of $350,000;  and punitive  damages on such claims as may be available; that Defendant is ordered to pay attorney fees and cost incurred in litigating these causes of action, and for such other and further relief as may be available in law and equity.

Respectfully submitted,


s/Cynthia Rowe D'Antonio
Cynthia Rowe D'Antonio  OBA#19652
GREEN JOHNSON MUMINA& D'ANTONIO
400 North Walker Avenue, Suite 100
Oklahoma City, Oklahoma 73102
Telephone:    (405) 488-3800
Facsimile:    (405) 488-3802
Email: cynthia@gjmlawyers.com

ATTORNEYS FOR PLAINTIFF
SUNNY LEE-FANNING



**JURY TRIAL DEMANDED**
**ATTORNEY LIEN CLAIMED**